**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.: 00-6069-CR-Roettger**



**UNITED STATES OF AMERICA,**

v.

**RICHARD FICARELLI,**

Defendant.
_____/

## DEFENDANT'S UNRESOLVED FACTUAL DISPUTES AND

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

**COMES NOW** Defendant, RICHARD FICARELLI, by and through his undersigned counsel and hereby files this his Unresolved Factual Disputes and Objections to the Presentence Investigation Report and in support thereof states as follows:

1. On May 30, 2000, Defendant, RICHARD FICARELLI, pled guilty to a one-count information of engaging in the business of procuring for a person in one state a share in a lottery in another state, and then knowingly transmitting in interstate commerce information to be used for the purpose of procuring such share, in violation of 18, United States Code, Sections 1301

2. Pursuant to a Plea Agreement reached between the Defendant and the U.S. Government, the parties agreed that the for the purpose of determining the Sentencing Guidelines for this offense, the offense level shall be calculated under Section 2E3.1(a)(2). Therefore, the base offense level for the offense of conviction shall be a level six. In addition, the United States agreed that it will recommend, at sentencing, that the court reduce by two levels the

sentencing guideline level pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.

3. The Presentence Investigation Report, without explanation, adjusts the offense level by four levels based upon the assertion that the Defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."

4. Defendant FICARELLI objects to paragraph 17 (Role Assessment). Defendant FICARELLI was not an "organizer or leader" such that his conduct would warrant a four level increase in the offense level. Defendant FICARELLI'S role was limited to financial contributions as well as those issues related to establishing and maintaining the various bank accounts. Defendant RICHARD FICARELLI was not in any way involved in the day-to-day handling of the sales staff as is stated. In fact, shortly after Gold Coast began its operations, Defendant FICARELLI moved with his family to Nevada to pursue other opportunities (October of 1995 through January of 1996). In addition, Defendant FICARELLI resigned his position with Gold Coast in May of 1996. Following his resignation, Defendant FICARELLI's sole role was to produce a company newsletter. However, due to his health, Defendant FICARELLI only produced one newsletter after he sold his share in Gold Coast. It should also be noted that Defendant FICARELLI came to Gold Coast with absolutely no experience in the business of operating or running a lottery club. Defendant FICARELLI relied upon the ten years of experience and the sales force that Mary Ann Aceste brought with her as well as the legal training and experience of his father-in-law, Anthony Titone.

5. With regards to paragraph 10, Defendant FICARELLI objects to the characterization of the information that a customer received following a purchase. It is important to note that when a customer made a purchase, not only was he provided a certificate that stated the number of shares purchased, the name of the lottery club, and the beginning and ending dates of the club, he was also told the total number of shares in the club and what percentage of those shares he owned. In addition, Defendant FICARELLI objects to the inference that members were not provided complete and accurate information. Gold Coast's customers were provided with monthly

mailings which set forth a list of computer generated numbers that accurately reflected and corresponded to the actual numbers played on lottery tickets purchased by Gold Coast.

6. Of less significance, but for the purposes of completion, Defendant FICARELLI is 41 years of age (see identifying data) and through his current business, Citracom.com, operates 11 websites (see paragraph 59).

WHEREFORE Defendant RICHARD FICARELLI respectfully requests this Honorable Court accept his Unresolved Factual Disputes and Objections to the Presentence Investigation Report.

**IT IS HEREBY CERTIFIED** that a copy of the foregoing has been furnished by mail this 8th day of August, 2000, to Assistant United States Attorney, BERTHA MITRANI, ESQ., United States Attorney's Office, 500 E. Broward Blvd, Suite 700, Fort Lauderdale, Florida 33394 and Georgann Stanley, U.S. Probation Officer, Federal Courthouse Building, 299 East Broward Blvd., Room 409, Ft. Lauderdale, FL 33301-1865.

ROMANO ERIKSEN & CRONIN
Post Office Box 21349
West Palm Beach, FL  33416-1349
Tel: (561) 533-6700
Fax: (561) 533-1285
Attorneys for Defendant

By _____
STACEY D. MULLINS
Florida Bar No. 937193

**POSITION OF PARTIES WITH
RESPECT TO SENTENCING FACTORS**

**RE: FICARELLI, Richard**

**SD/FL PACTS No:** 63187

**DOCKET NO:** 00-6069-CR-Roettger

**OBJECTIONS DUE BY: August 9, 2000**

**DATE AVAILABLE for DISCLOSURE:** July 17, 2000

---

I have read the presentence investigation completed by the United States Probation Office.

_____ There are no disputed facts.

__X__ There are unresolved factual
disputes which are attached.

_____  _Aug 7, 2000_
(Defendant)                (Date)

_____  Aug 7, 2000    West Palm Beach, FL
(Attorney)                (Date)         (Location)
John Romano


                                         Ft. Lauderdale, FL
_____  _____
(Assistant U.S. Attorney)  (Date)        (Location)
Bertha R. Mitrani


Return To:  Georgann Stanley
            U. S. Probation Officer
            Federal Courthouse Building
            299 East Broward Blvd., Room 409
            Ft. Lauderdale, FL 33301-1865